UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
YVETTE GRIFFIN, individually and on behalf of all others similarly situated,

                        Plaintiff,

     -against-                           Case No.:

THE BALTIMORE LIFE INSURANCE COMPANY,

                        Defendant.
---------------------------------------------------------------------- X
THE BALTIMORE LIFE INSURANCE COMPANY

                       Third-Party Plaintiff,

     -against-

Q3M INSURANCE SOLUTIONS, LLC, ROBERT HUDSON, and ARTREANUA CARR

                      Third-Party Defendants.
---------------------------------------------------------------------- X

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE PURSUANT TO FED. R. CIV. P. 37 AND FED. R. CIV. P. 45**

                                                        **MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*Attorneys for Third-Party Defendants Q3M Insurance Solutions, LLC, Robert Hudson and Autreanua Carr*
10 Grand Central
155 East 44th Street, Suite 2500
New York, New York 10017
(212) 967-0080
File No. 251.109054

**SYDNEY A. FETTEN, ESQ.**

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ..................................................................................................... 1
FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 2
ARGUMENT .................................................................................................................................. 5
    A. The Third-Party Defendants' Subpoena To Fluent Seeks Documents That Are Relevant To Their Defense In This Case ........................................................................ 5
    B. Fluent Should Be Compelled To Produce All Documents Responsive To Third-Party Defendants' Subpoena ................................................................................................ 6
    C. In The Event Fluent Fails To Respond To The Subpoena Within Fourteen Days Of The Issuance Of This Court's Order Compelling It To Do So, This Court Should Hold Fluent In Contempt............................................................................................................................. 8
CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Amphenol Corp. v. Fractus, S.A.,
 2019 U.S. Dist. LEXIS 102470 (S.D.N.Y. June 19, 2019)......................................................7

Anderson v. City of New York,
 No. 06 Civ. 5363 (KAM) (VVP), 2009 U.S. Dist. LEXIS 104124, 2009 WL
 3731973 (E.D.N.Y. Nov. 6, 2009)..........................................................................................2

Beare v. Millington,
 No. 07-CV-3391, 2010 WL 234771 (E.D.N.Y. Jan. 13, 2010) ...............................................8

Calabro v. Stone,
 224 F.R.D. 532 (E.D.N.Y. 2004) ............................................................................................8

Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.,
 269 F. Supp. 3d 124 (S.D.N.Y. 2017).....................................................................................5

Ebbert v. Nassau Cty.,
 No. CV 05-5445(FB)(AKT), 2007 WL 674725 (E.D.N.Y. Jan. 19, 2011) .............................7

Gucci Am., Inc. v. Weixing Li,
 135 F. Supp. 3d 87 (S.D.N.Y. 2015).......................................................................................3

Jam Indus. USA, LLC v. Gibson Brands, Inc.,
 No. 19 MC 508-LTS, 2020 WL 4003280 (S.D.N.Y. July 15, 2020).......................................7

KGK Jewelry LLC v. ESDNetwork,
 No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326 (S.D.N.Y. Mar. 21, 2014) ......................3

Kirschner v. Klemons,
 No. 99 Civ. 4828(RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) .................................7

Mazzocchi v. Windsor Owners Corp.,
 2014 U.S. Dist. LEXIS 20695 (S.D.N.Y. Feb. 11, 2014).......................................................7

United States v. Mount Sinai Hosp.,
 169 F. Supp. 3d 538 (S.D.N.Y. Mar. 11, 2016)......................................................................3

Oppenheimer Fund, Inc. v. Sanders,
 437 U.S. 340 (1978)................................................................................................................6

PaineWebber Inc. v. Acstar Ins. Co.,
 211 F.R.D. 247 (S.D.N.Y. 2002) ............................................................................................. 8

Palau v. TMC Transp. Inc.,
 2021 U.S. Dist. LEXIS 4878 (S.D.N.Y. Jan. 11, 2021) ............................................................ 8

Palumbo v. Shulman,
 No. 97 Civ. 4314, 1998 WL 720668 (S.D.N.Y. Oct. 13, 1998) ............................................... 5

**Statutes**

Fed. R. Civ. P. 37(a)(1) .................................................................................................................. 6

Fed. R. Civ. P. 37(a)(2) .................................................................................................................. 3

Fed. R. Civ. P. 45(d)(2)(B)(i) ......................................................................................................... 6

Fed. R. Civ. P. 45 ............................................................................................................... 2, 3, 6, 8

Fed. R. Civ. P. 45(d)(3)(A) ............................................................................................................ 3

Fed. R. Civ. P. 45(f) ....................................................................................................................... 7

Fed. R. Civ. P. 45(g) ........................................................................................................... 1, 3, 8, 9

# **PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted in support of Third-Party Defendants Q3M Insurance Solutions, LLC, Robert Hudson, and Artreanua Carr's (collectively "Q3M") Motion to enter an Order compelling non-party Fluent, Inc. (hereinafter, "Fluent") to comply with Third-Party Defendants' Subpoena issued to Fluent. Third-Party Defendants are seeking this Honorable Court to enter an Order compelling Fluent to comply with Third-Party Defendants' Subpoena to Fluent dated April 28, 2021. Additionally, in the event Fluent fails to fully respond to Third-Party Defendants' Subpoena within fourteen (14) days of the issuance of this Court's Order compelling it to do so, the Movants respectfully request that this Court issue an Order holding Fluent in contempt pursuant to Fed. R. Civ. P. 45(g).

On April 29, 2021, Third-Party Defendants served a Subpoena on non-party Fluent. The purpose of the Subpoena was to obtain information and documents Fluent has indicated are in its possession that are crucial to the defense of the Third-Party Defendants. In this action, venued in the District of Maryland, Plaintiff alleges that she was contacted on behalf of Defendant Baltimore Life on her mobile telephone in violation of the TCPA and MTPA. Baltimore Life asserted a third-party complaint against Q3M, alleging that Q3M contacted Plaintiff. Third-Party Defendant Q3M contracted with Fluent to assist with marketing. Fluent has indicated that it has evidence *that Plaintiff consented to be contacted by Q3M*. This information is central to Q3M's defense, since it would essentially establish that Q3M's contacts with Plaintiff complied with TCPA and MTPA.

In spite of the foregoing, Fluent has failed to fully respond to the Subpoena. Fluent's first response to the Subpoena lacked the sought after documents, described in greater detail below. After several good faith efforts at meeting and conferring with counsel for Fluent, Fluent still failed to supplement their response to the Subpoena. Accordingly, this motion practice has ensued.

**FACTUAL AND PROCEDURAL BACKGROUND**

Third-Party Defendants have filed the instant motion to compel non-party Fluent to respond to Third-Party Defendants' subpoena, pursuant to Rule 37 and Rule 45 of the Federal Rules of Civil Procedure, with the U.S. District Court for the Southern District of New York, as the Subpoena at issue was served on a nonparty, Fluent, in New York, New York.

This matter was filed by Plaintiff Yvette Griffin in the U.S. District Court for the District of Maryland as a class action against Defendant Baltimore Life Insurance Company ("Baltimore Life") for various alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Protection Act ("MTPA"). According to the Complaint against the Defendant, Plaintiff was contacted on behalf of Baltimore Life on her mobile telephone in violation of the TCPA and MTPA. Baltimore Life asserted a third-party complaint against Q3M, alleging that they, and not Baltimore Life, contacted Plaintiff.

Third-Party Defendant Q3M contracted with Fluent to assist with marketing for Defendant. Fluent has indicated that it has evidence that Plaintiff consented to be contacted by Q3M. This information is central to Q3M's defense, since it would essentially establish that Q3M's contacts with Plaintiff complied with TCPA and MTPA.

Q3M issued the subject Subpoena in connection with the above discussed case pending in the U.S. District Court for the District of Maryland on April 29, 2021. See Ex. 1, Subpoena. As a subpoena filed under Fed. R. Civ. P. 45, the Subpoena at issue "is a mandate of the court sufficient to require compliance." Anderson v. City of New York, No. 06 Civ. 5363 (KAM) (VVP), 2009 U.S. Dist. LEXIS 104124, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009). The Subpoena included a Rule 30(b)(6) Notice to take Deposition, with a section entitled "Matters for

Examination." Ex. 1. The Matters for Examination included a demand for series of documents sought from Fluent.

Fluent was served with the Subpoena on April 29, 2021, in New York, New York. See Ex. 2, Affidavit of Service of Subpoena. Under Rule 45 of the Federal Rules of Civil Procedure, the court for the district where compliance with the subpoena is required is the proper venue for a motion to compel. See, e.g., KGK Jewelry LLC v. ESDNetwork, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (discussing the 2013 amendment to Rule 45); see also Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). Therefore, the Southern District of New York is the proper venue for the instant motion to compel. See Fed. R. Civ. P. 45(d)(3)(A); Gucci Am., Inc. v. Weixing Li, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) ("The proper court in which to file a motion to quash or modify the subpoena is the court for the district where compliance is required . . . because a district court must have personal jurisdiction over a nonparty to compel compliance with a subpoena."). That court (known as the compliance court) may then, either with the consent of the nonparty or under "exceptional circumstances," transfer the motion to the issuing court. See United States v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 543 (S.D.N.Y. Mar. 11, 2016) (citing Fed. R. Civ. P. 45(f)).

Also attached to the Subpoena was a copy of portions of Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Rule 45, this Court may issue contempt sanctions for failure to comply with the subpoena. See Fed. R. Civ. P. 45(g). Q3M reserves the right to seek a finding of contempt, but nonetheless is filing the instant Motion in an attempt to resolve this issue amicably.

In response to the Subpoena, Fluent produced materials to Q3M that were not dispositive to Third-Party Defendants' defense, despite Fluent's representations. See Dec. of Megan T.

Mantzavinos at ¶¶5-6. Specifically, Fluent produced an affidavit, terms and conditions for the websites, to which Fluent alleges Plaintiff gave her consent, and a Trust Form Certificate. Significantly, Fluent did not provide all of the materials requested in the Subpoena.

Subsequent to Fluent being served with the Subpoena, counsel for Fluent exchanged a series of emails with counsel for Q3M (hereinafter, "Email Conversation". See Ex. 3. The Email Conversation indicates that counsel discussed the Subpoena, and that counsel for Q3M articulated to counsel for Fluent that Q3M required additional documentation from Fluent. See Ex. 3. In particular, Q3M sought documentation that explains the relationship among the various web addresses mentioned in the documents Fluent had produced to date, including www.amarktflow.com, www.electronicproductzone.com, and www.flashrewards.us; a complete list of the marketing partners of Fluent, especially the marketing partner(s) to which Plaintiff gave her consent; and a video replay of Plaintiff's visit to the website(s), which would memorialize her affirmative actions in providing consent in accordance with the language on the website(s). Alternatively, Q3M would accept screenshots evidencing Plaintiff's consent provided on the website(s), for example, by clicking on boxes that note she read and agreed to relevant terms and conditions. See Ex 3.

If these documents were to be provided to Q3M, then Q3M would be able to present a very strong defense against all claims against it. However, Fluent has failed to produce any of these documents central to Q3M's defense. The Email Conversation also constituted a good faith attempt to confer with Fluent regarding Fluent's failure to produce the requested documents. See Ex. 4, Rule 37(a) Certificate; see also Declaration of Megan T. Mantzavinos. To date, Q3M is not in receipt of any of these outstanding documents.

Pursuant to the Subpoena, Fluent was to provide all requested documentation by May 10, 2021. See Ex. 1. However, Fluent has not provided the requested documentation. As a result of Fluent's failure to comply with the Subpoena, Q3M has been unable to properly defend the case, and they have therefore been prejudiced by Fluent's inaction.

## ARGUMENT

A. **THE THIRD-PARTY DEFENDANTS' SUBPOENA TO FLUENT SEEKS DOCUMENTS THAT ARE RELEVANT TO THEIR DEFENSE IN THIS CASE**

The scope of production in response to a subpoena is governed by the relevance standard in Federal Rule of Civil Procedure 26(b)(1). See Palumbo v. Shulman, No. 97 Civ. 4314, 1998 WL 720668, at *3 (S.D.N.Y. Oct. 13, 1998). The relevance standards of Rule 26(b)(1) apply to discovery sought from non-parties. See Citizens Union of City of N.Y. v. Att'y Gen. of N.Y., 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (citing Malibu Media, LLC v. Doe, No. 15 Civ. 3147, 2016 U.S. Dist. LEXIS 134478, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016)). Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' [*17] relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant." Citizens Union of City of N.Y., 269 F. Supp. 3d at 139.

Under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This standard "has been

construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). If a non-party refuses to provide non-privileged, relevant information in response to a discovery request or subpoena, the requesting party may move to compel compliance. See Fed. R. Civ. P. 37(a), 45(d)(2)(B)(i).

The Subpoena at issue requests documents that are unquestionably relevant to a central question in these actions — whether the Plaintiff consented to be contacted by Q3M, evidence of which Fluent has indicated it possesses. This information is central to Q3M's defense, since it would essentially establish that Q3M's contacts with Plaintiff complied with TCPA and MTPA. Fluent cannot seriously contend otherwise.

To date, Fluent has only produced *some* documents responsive to Third-Party Defendants' subpoena, including an affidavit, terms and conditions for the websites to which Fluent alleges Plaintiff gave her consent, and a Trust Form Certificate. Fluent has still failed to produce the most critical documents responsive to the Subpoena. All of the withheld documents — especially those that would show whether the Plaintiff consented to be contacted by Q3M — are relevant to the ultimate issue of whether Q3M complied with the TCPA and MTPA.

B.     **FLUENT SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THIRD-PARTY DEFENDANTS' SUBPOENA**

Rules 37(a)(1)and 45(c)(2)(B) of the Federal Rules of Civil Procedure each provide that a party may apply for an order compelling disclosure or discovery. Federal Rule of Civil Procedure 37(a) permits the district court to issue an "order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37, however, typically applies to a party to an action. By contrast, Federal Rule of Civil Procedure 45 governs disclosure or discovery from a non-party by way of subpoena, and

provides for sanctions where a non-party fails to comply. See Mazzocchi v. Windsor Owners Corp., 2014 U.S. Dist. LEXIS 20695, at *4-5 (S.D.N.Y. Feb. 11, 2014) (internal citations omitted); see also Fed. R. Civ. P. 45(a)(1); Amphenol Corp. v. Fractus, S.A., 2019 U.S. Dist. LEXIS 102470, at *15-16 (S.D.N.Y. June 19, 2019).

When determining whether to compel compliance with a subpoena directed at a non-party, courts assess whether the subpoena subjects the non-party to undue burden. See Jam Indus. USA, LLC v. Gibson Brands, Inc., No. 19 MC 508-LTS, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020). With respect to undue burden, "a court is required to weigh the burden to the subpoenaed party against the value of the information to the serving party." Ebbert v. Nassau Cty., No. CV 05-5445(FB)(AKT), 2007 WL 674725, at *4 (E.D.N.Y. Jan. 19, 2011). "And inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony." Kirschner v. Klemons, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *6 (S.D.N.Y. May 19, 2005).

In the case before this Court, non-party Fluent has failed to comply with the Subpoena served by the Third-Party Defendants despite the movant's good faith efforts to obtain compliance. Fluent has offered no excuses for its failure to fully comply with the Third-Party Defendants' Subpoena. As detailed in the Declaration of Megan T. Mantzavinos, lead counsel for the Third-Party Defendants in the primary action venued in the District of Maryland, numerous telephone conferences and email correspondence were exchanged with counsel for Fluent in an effort to secure compliance with the Subpoena. See Dec. of Megan T. Mantzavinos at ¶¶5-9. After Fluent's counsel failed to respond for more than six (6) weeks, Third-Party Defendants were forced to resort to motion practice. See Id.

There is no doubt that the value of the sought after information and documents outweighs any burden to Fluent, the subpoenaed non-party. As was discussed in Point A, supra, the

information and documents sought by the Third-Party Defendants is relevant and material to their defense. Fluent has indicated that it possesses evidence of whether or not the Plaintiff in this action consented to be contacted by Third-Party Defendant Q3M. This information is central to Q3M's defense, since it would essentially establish that Q3M's contacts with Plaintiff complied with TCPA and MTPA. Fluent, on the other hand, has made no argument that it would be unduly burdened in producing the sought after information and documents. Any burden faced by Fluent in complying with Third-Party Defendants' Subpoena is minimal. Therefore, the balance clearly weighs in favor of compelling Fluent to comply with the Subpoena.

C.  **IN THE EVENT FLUENT FAILS TO RESPOND TO THE SUBPOENA WITHIN FOURTEEN DAYS OF THE ISSUANCE OF THIS COURT'S ORDER COMPELLING IT TO DO SO, THIS COURT SHOULD HOLD FLUENT IN CONTEMPT**

Alternatively, in the event Fluent fails to fully respond to Third-Party Defendants' Subpoena within fourteen (14) days of the issuance of this Court's Order compelling it to do so, the Movants respectfully request that this Court issue an Order holding Fluent in contempt pursuant to Fed. R. Civ. P. 45(g). See Palau v. TMC Transp. Inc., 2021 U.S. Dist. LEXIS 4878, at *2 (S.D.N.Y. Jan. 11, 2021).

"Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." Calabro v. Stone, 224 F.R.D. 532, 533 (E.D.N.Y. 2004). "The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002); see also Beare v. Millington, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) ( "Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena.") (internal citations omitted).

As discussed above and in the accompanying Declarations, Fluent has not contested that the subpoena was improperly issued. Further, they have not set forth an adequate excuse, including any inability to comply. Moreover, as set forth in Point B, supra, the value of the sought after information and documents substantially outweighs any burden to Fluent in producing these materials in response to the Third-Party Defendants' Subpoena.

Because Fluent has not provided the requested documentation, Third-Party Defendants have been unable to present the dispositive evidence that Fluent apparently possesses. In light of the above, Third-Party Defendants request that this Honorable Court compel Fluent to comply with the Subpoena issued by Third-Party Defendants, and, in the event that Fluent fails to fully respond to the Subpoena within fourteen (14) days of the issuance of this Court's Order compelling it to do so, the Movants respectfully request that this Court issue an Order holding Fluent in contempt pursuant to Fed. R. Civ. P. 45(g).

## **CONCLUSION**

WHEREFORE, Third-Party Defendants respectfully request (1) that the Court enter an Order to Compel Fluent, Inc. to comply with the Subpoena filed by Third-Party Defendants with the U.S. District Court for the District of Maryland on April 28, 2021, and (2) in the event Fluent fails to fully respond to Third-Party Defendants' Subpoena within fourteen (14) days of the issuance of this Court's Order compelling it to do so, that this Court issue an Order holding Fluent in contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, and for such other and further relief as may be just, proper, and equitable.

Dated: July 1, 2021

                                              Respectfully Submitted,

                                              **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

                                              */s/ Sydney A. Fetten*
                                              Sydney A. Fetten, Esq. (SF-0991)
                                              sfetten@moodklaw.com